268 So.2d 689 (1972)
Sidney FUNDERBURK et al.
v.
Edward TEMPLE et ux.
Edward TEMPLE et al.
v.
Sidney FUNDERBURK et al.
Nos. 8977, 8978.
Court of Appeal of Louisiana, First Circuit.
Rehearing Denied November 13, 1972.
Writ Refused January 9, 1973.
*690 Peter T. Dazzio (Watson, Blanche, Wilson, Posner & Thibaut), Baton Rouge, Donald S. Zuber (Seale, Smith & Phelps), Baton Rouge, for Edward Temple, and others.
Joseph F. Keogh and Charles N. Malone, Baton Rouge, for East Baton Rouge Parish and Employers Surplus Lines Assur. Corp.
Robert L. Kleinpeter, Baton Rouge, for Funderburks, Horace C. Lane and Anthony J. Clesi, Jr., Baton Rouge, for Funderburk and State Farm Mutual Automobile Ins. Co.
Before LANDRY, ELLIS and TUCKER, JJ.
LANDRY, Judge.
These consolidated appeals arise from an intersectional automobile accident which occurred in the City of Baton Rouge at approximately 6:25 P.M., December 15, 1969, *691 a clear dry night. The accident involved a vehicle being driven by Sidney Funderburk southerly on McClelland Street, the superior roadway, and a car being operated by Mrs. Annie R. Temple who was proceeding westerly along Greenwell Street, the inferior thoroughfare.
In Suit Number 8977, Sidney Funderburk and his wife, Jo Ann, seek recovery for personal injuries and property damages sustained and incurred by themselves, and also for personal injuries to their minor children, Laura Jo, Brenda and Diane. Defendants in the Funderburk action are Mrs. Temple and her husband, Edward, who resist plaintiff's demands on the ground that Mrs. Temple lawfully preempted the intersection, and that Funderburk was solely at fault. The Temples third partied Funderburk's insurer, State Farm Mutual Automobile Insurance Company (State Farm), alleging Funderburk's fault and also third partied the City of Baton Rouge, the Parish of East Baton Rouge and their insurer, Employers Surplus Line Assurance Company (Employers), alleging the City and Parish were negligent in failing to repair a stop sign which controlled westbound traffic proceeding through the intersection on Greenwell Street. In Suit Number 8978, the Temples and Central Mutual Insurance Company (Central), the collision damage insurer of the Temple vehicle, sued Funderburk, State Farm, the City, the Parish and Employers for damages to the Temple car and personal injuries sustained by Mrs. Temple. By agreement all demands against the City were dismissed; it being conceded that the Parish alone was responsible for maintenance of the stop sign.
The trial court exonerated Funderburk of all liability and found Mrs. Temple negligent in failing to maintain a proper lookout which constituted a proximate cause of the accident. Judgment was rendered in favor of Mr. Funderburk individually in the sum of $1,400.00, consisting of personal injuries in the amount of $750.00 and specials aggregating $650.00. In addition, Mr. Funderburk was awarded $300.00 for and on behalf of the minor, Diane Funderburk, and $500.00 for and on behalf of the minor, Laura J. Mrs. Funderburk received an award of $500.00 for personal injuries. The trial court also found the Parish negligent in failing to repair the stop sign, and rendered judgment in favor of the Temples on their third party demand against the Parish and Employers for one-half the amounts for which the Temples were cast. The Temples and Central have appealed rejection of their demands in chief. The Temples have also appealed the judgments rendered against them, and alternatively seek reduction in the awards for personal injuries granted the Funderburks. The Parish has appealed the judgment rendered against it on the Temples' third party demand. We affirm on liability, but reduce the awards for personal injuries.
Except as regards the alleged negligence of the Parish in failing to repair the damaged stop sign, there is no real dispute concerning the facts. At the time of the accident, both motorists were proceeding with their lights on as it was dark. Neither motorist was exceeding the speed limit 25 miles per hour. Mr. Funderburk was totally familiar with the intersection, and knew that a stop sign, located on Greenwell Street at the northeast corner of the intersection, required a west bound motorist to stop before entering McClelland Street. Mrs. Temple was not familiar with the intersection, and did not observe the stop sign which had been bent down to within two or three feet of the ground, and was so twisted that it in fact faced McClelland Street more than it did Greenwell Street. The record establishes that approximately 100 feet east of the stop sign, which should have been facing Mrs. Temple, was located a "Stop Sign Ahead" sign which latter sign was in place and undamaged. Temple, was located a "Stop Sign Ahead" The front of the Funderburk vehicle struck the right rear of the Temple car; the point of impact occurred approximately two feet east of the westerly curb of McClelland Street. The Funderburk *692 vehicle left approximately 14 feet of skid marks preceding the point of impact. The investigating officer found no evidence of speeding on the part of either driver. He also found that the stop sign in question had been damaged in a previous accident and did not cite Mrs. Temple for a violation in failing to stop before entering the intersection.
Mrs. Temple's testimony is simply that she approached the intersection, saw no stop sign, slowed her vehicle, looked both ways, observed no traffic approaching from either her right or left, and proceeded to cross the intersection. She was unaware she was involved in an accident. As she explained "I knew I was spinning around in mid-air and going all over the car but I actually did not realize I had been in an accident." She admitted she did not see the "Stop Sign Ahead" sign which was about 100 feet from the corner.
Mr. Funderburk stated in effect that he saw the Temple vehicle approaching from his left and assumed it would yield to his superior right of way. When he realized Mrs. Temple would not stop, he immediately applied his brakes and veered his car sharply to his right, but could not avoid the collision.
The Temples contend the trial court erred in (1) holding Mrs. Temple guilty of negligence proximately causing the accident; (2) not finding that Mrs. Temple had preempted the intersection; (3) failing to find Funderburk guilty of contributory negligence; (4) failing to find that Funderburk had the last clear chance to avoid the accident, and (5) awarding the Funderburks excessive damages for personal injuries.
Under the circumstances, we concede Mrs. Temple's freedom from negligence in failing to see the damaged stop sign. Nevertheless, she failed to discharge the duty of care incumbent upon her by law. It is of some significance, but not necessarily controlling, that Mrs. Temple failed to observe the "Stop Sign Ahead" sign which was in place and facing her before she reached the intersection. The most favorable position open to Mrs. Temple is that the statutory right of way provided by LSA-R.S. 32:121(B) prevailed because she is legally excused for failing to see a damaged stop sign. Even according to this statute, Mrs. Temple would be required to yield to the Funderburk automobile which was approaching from her right.
Mrs. Temple's claim to preemption is based primarily on the fact that she entered the intersection first, and had almost traversed the intersection when the collision occurred. The evidence bears out both contentions, but the preemptive right of way accorded pursuant to R.S. 32:121(A) is not obtained unless the driver on the inferior street, after exercising due care, proceeds into the intersection when, to a reasonably observant motorist, it is reasonably safe to do so.
In Rhodus v. Allstate Insurance. Company, La.App., 192 So.2d 226, which is squarely in point, the applicable rule is excellently stated as follows:
"The jurisprudence is so well settled that citation of authorities is unnecessary to the effect that pre-emption does not result from merely entering an intersection first. In order to preempt an intersection the motorist must show that he made a lawful entry therein after ascertaining that oncoming traffic is sufficiently far removed as to permit a safe passage and under the bona fide belief and expectation that he can negotiate a crossing with safety."
Rhodus, above, involved a situation in which defendant's vehicle was struck after having almost completely traversed an intersection. Defendant driver in Rhodus did not see plaintiff's vehicle although defendant's view was unobstructed. In the present case, Mrs. Temple attempted to excuse her failure to see plaintiff's automobile because of an alleged obstruction *693 (shrubbery) on the premises to defendant's right. The record discloses, however, there was no serious impediment of view. Additionally, since the accident occurred at night, there appears no reason why Mrs. Temple did not see the lights of Funderburk's approaching car.
We concur in the trial court's finding that Mrs. Temple was negligent in failing to maintain a proper lookout. She looked but did not see the approaching Funderburk car. To look and not see is equivalent to not looking at all. Had Mrs. Temple maintained a proper lookout, she should have noted the Funderburk car and realized it was so close to the intersection it was patently dangerous for her to enter in its path. We also agree with the lower court's determination that Mr. Funderburk was free of negligence. He was maintaining a careful lookout as evidenced by the fact that he saw the Temple car and took evasive action albeit to no avail. Funderburk had the right of way and was entitled to assume that Mrs. Temple would respect his superior right to proceed.
Defendants, Parish and Employers, complain that the trial court erroneously held against them on the Temple's third party demand because (1) the Parish had no notice that the stop sign had been damaged, and (2) the condition of the stop sign was not a proximate cause of the collision because the accident would have occurred even if the stop sign had been in its normal condition and state.
The law imposes a high degree of care on the part of governmental agencies charged with the responsibility of maintaining traffic signs, signals and other vehicular control devices. McDaniel v. Welsh, La.App., 234 So.2d 833. Failure of a governmental agency to repair a damaged, nonfunctioning or malfunctioning traffic signal, sign or control device, after reasonable notice, either actual or constructive, constitutes negligence rendering the responsible government agency liable for all reasonably foreseeable accidents occurring as a result thereof. McDaniel v. Welsh, above.
Regarding the condition of the stop sign, Dwight Royce testified that on December 12, 1969 (three days before subject accident), he was involved in an accident at this same intersection in which the stop sign in question was damaged. Royce also stated he directed the attention of the investigating officer to the damaged condition of the sign.
Robert Welch, who lived in the vicinity, testified he noted the sign was down for three or four days before the accident in question. He knew of one accident involving a motorcycle which occurred while the sign was down. Following this accident, some lawyer called him about the motorcycle accident because Welch had reported the condition of the sign to the City Police.
Testifying for the Parish, James M. Hope, City Policeman, averred in essence that he investigated the accident in which Royce was involved, and that the sign in question was not damaged in that incident.
Charles B. Lipscomb, sign repair man employed by the Parish, testified that on the night of the accident, he was called to repair the sign in question and performed this service while subject accident was still being investigated. Lipscomb confirmed that the sign which should have been facing a driver going westerly on Greenwell Street was bent over and in such position that it faced a driver going southerly on McClelland Street. He also confirmed the presence of a "Stop Sign Ahead" sign located about 100 feet from the intersection on Greenwell Street.
On the foregoing testimony, the trial court concluded that the sign in question had been damaged several days before the subject accident, and remained unrepaired despite notice to the Parish. The trial court also found the negligence of the Parish in failing to timely repair the sign was a proximate cause of the accident. We concur in both the factual finding of the Parish's negligence, and the conclusion *694 that such negligence was a proximate cause of the accident. It is to be presumed that if the stop sign had been in its proper position, it would have been observed and heeded by Mrs. Temple. The precise type of accident which occurred is a reasonably foreseeable result of the Parish's negligence in failing to timely repair the sign after notice.
In considering the awards for personal injuries made to the injured Funderburks, we bear in mind the elementary principle that a plaintiff must establish every essential element of his claim for damages. The sole evidence of physical injuries consists of reports of Dr. R. J. Louque, who examined and treated each of the injured parties only on the night of the accident. None of the injured parties were hospitalized. Mr. Funderburk's injuries were diagnosed as contusion of the left elbow and mild whiplash. Treatment consisted of examination only. The medical report on Mr. Funderburk discloses no prescription of medication or suggested home treatment. Although Mr. Funderburk testified at the trial, he made no mention of his injuries or any reference to the pain or discomfort suffered as a result thereof. Under the circumstances, we find an award of $750.00 for pain and suffering excessive and reduce same to $400.00.
Mrs. Jo Ann Funderburk sustained contusions of the chin and both knees as a result of the accident. Dr. Louque prescribed no treatment according to his report. Mrs. Funderburk, who testified concerning the circumstances of the accident, did not mention her injuries. She was awarded the sum of $500.00, which we consider excessive and reduce to the sum of $250.00.
Diane Funderburk, age fourteen, was granted $300.00 for an abrasion of her right foot and fifth toe. The record is devoid of evidence regarding the extent of her pain and suffering. Under the circumstances, we deem the award excessive and reduce same to the amount of $150.00.
Laura Jo Funderburk, age six, sustained a hematoma of the left forehead and contusion of her right shoulder and anterior chest. She was treated by the application of an ice pack to her forehead. No testimony appears concerning the extent of her pain and suffering. In view of the paucity of evidence regarding her physical condition, we deem the trial court's award of $500.00 manifestly excessive and reduce same to $300.00.

Judgment in No. 8977.
It is ordered, adjudged and decreed that the judgment rendered in Suit Number 8977 is hereby amended reducing the award for personal injuries in favor of plaintiff Sidney Funderburk, individually, from the sum of $750.00 to the sum of $400.00; reducing the award in favor of plaintiff Jo Ann Funderburk from $500.00 to $250.00; reducing the award in favor of Sidney Funderburk for and on behalf of the minor, Diane Funderburk, from $300.00 to $150.00, and reducing the award in favor of Sidney Funderburk for and on behalf of the minor, Laura Jo Funderburk, from $500.00 to $300.00.
It is further ordered, adjudged and decreed that in all other respects, the judgment rendered in Suit Number 8977 is affirmed; all costs therein to be paid one-half by defendants, Edward and Annie R. Temple, and one-half by third party defendant, Employers Surplus Line Assurance Company.
Amended in part, affirmed in part and rendered.

Judgment in No. 8978.
For the reasons set forth above, the judgment of the trial court rejecting the demands of plaintiffs, Edward Temple and Annie R. Temple, is affirmed all costs to be paid by appellants, Edward and Annie R. Temple.
Affirmed.