SARTAIN, Judge:
These consolidated cases arise from a three car collision which occurred at 11:30 p. m. on August 2, 1972, at the intersection of U. S. Highway 90 and Louisiana State Highway 660 in Terrebonne Parish, Louisiana.
The plaintiff in Suit No. 10141 is Mrs. Sally B. Doise. She seeks recovery for property damage to her 1969 Oldsmobile automobile. Defendants are the State of Louisiana Through the Department of Highways and Antoine Richard, Jr.
Plaintiffs in Suit No. 10142 are Mrs. Doise, her husband, John W. Doise, and State Farm Mutual Automobile Insurance Company, their collision and liability insurer. The defendants are the same in both suits. State Farm, under the collision and uninsured motorist provisions of its policy, paid $3,000.00 to Mr. and Mrs. Doise in full settlement of all claims by their insureds and seek recovery of this sum under the subrogation provisions of the policy. It was stipulated by all parties that this sum was reasonable, therefore quantum is not at issue.
In each suit, the Department and Richard answered denying liability and alternatively filed third party claims against the other averring that the accident was due to the sole negligence of the other or, in the event their individual negligence was found to be concurrent, that each have judgment against the other for one-half of the judgment, including interest and costs.
The cases, as consolidated, where heard on the merits before and submitted to the late Honorable Leonard Greenburg, District Judge. Following Judge Greenburg’s death, which occurred prior to rendition, the matter was resubmitted to his successor, the Honorable Ashby W. Pettigrew. The latter, with written reasons assigned, held that both defendants, Richard and the Department, were negligent but that the negligence of the Department “was not a proximate cause or contributing cause to the collision” and rendered judgment in favor of the plaintiffs in each suit against Richard, rejected plaintiffs’ demands against the Department, and declined Richard’s third party demand against the Department.
It is from this judgment that plaintiffs have appealed. Richard did not appeal nor answer the appeal and therefore the judgment as against him is final. The Department did not appeal to protect its third party claim against Richard. Thus the sole issue before us relates to the negligence of the Department.
*288 We agree that the Department was negligent, but we disagree with the determination that its negligence was not a cause-in-fact of the collision.
U.S. Highway 90 is a major east-west traffic artery cross south Louisiana. At the point of its intersection with Louisiana State Highway 660, it is a two lane paved highway. State Highway 660, also known as Coteau Road, runs north-south, and is a two lane, paved highway. The intersection is ordinarily controlled by a standard traffic semaphore signal.
The record reveals that the traffic light was damaged and was removed for repairs by the Department on July 30, 1972, and was not replaced until two days after the subject accident. Although testimony shows that such an intersection is ordinarily not left uncontrolled, it is undisputed that no temporary controls, either by lights or signs, were placed at the intersection after the light was removed on July 30, 1972. The only controls near the intersection were signs warning of the intersection ahead, which were on both highways.
On the night of the accident, Mr. Doise was driving his wife’s vehicle in a westerly direction on U.S. 90 at a speed estimated to be 45 or 50 miles an hour. Todd Henry Bauer was driving his vehicle in an easterly direction on U.S. 90. Defendant Richard was driving his vehicle in a southerly direction on La. Highway 660 at a speed estimated to be 60 miles per hour.
Mr. Doise, was familiar with the intersection, and knew that it had recently been controlled by a traffic semaphore signal. He had passed through the intersection earlier in the day on his way to Bayou Blue, and should have noticed that the light was not then working. He testified that the bushes at the intersection were tall enough to keep him from seeing the lights of any cars approaching on Coteau Road until he was right at the intersection. He said he was driving about 45 or 50 miles per hour and that, when he saw the Richard vehicle, it was too late to avoid the accident. The front end of the Richard vehicle collided with the right rear of the Doise vehicle, causing the latter to spin around several times and strike the Bauer vehicle which was just west of the intersection.
Mr. Richard testified that he was returning to Houma after having taken a friend home. He had passed through this intersection on the way to the house of his friend shortly before the accident. He testified that he was driving about 60 miles per hour in a southerly direction and that he was looking for the intersection, intending to turn on to Highway 90. He failed to see the sign reading “Junction U.S. 90” which was located 300 or 350 feet north of the intersection. When he discovered that he was entering the intersection, and saw the Doise vehicle approaching, he applied his brakes, but was unable to avoid the accident. He left about eight feet of skid marks leading up to the point of impact.
The investigating officer stated that Mr. Richard told him that he was traveling east on Highway 90. A test was administered to Mr. Richard which revealed his blood alcohol content to be .10 grams per cent. Mr. Richard later pled guilty to a charge of driving while intoxicated.
The district judge properly concluded that the Department was negligent in not properly marking the intersection. Funderburk v. Temple, 268 So.2d 689 (La.App. 1 Cir. 1972); McDaniel v. Welsh, 234 So.2d 833 (La.App. 1 Cir. 1970); and Wall v. American Employers Insurance Co., 215 So.2d 913 (La.App. 1 Cir. 1968).
The trial judge further concluded that, having recently been through the intersection, Mr. Richard knew or should have known that there were no traffic controls. He found that Mr. Richard’s failure to see the junction sign located on Highway 660, the fact of his intoxication, and the reckless manner in which he was operating his vehicle led to the conclusion that: “It is likely that he would have also failed to see or recognize the significance of the intersection light, if it had been working.” *289 He therefore held that the Department’s negligence was not a proximate cause of the accident, being excused by the intervening negligence of Mr. Richard. It is with this latter conclusion that we disagree.
Because of the procedural posture of the case, we may not consider the negligence of either driver, except to the extent that the negligence of Mr. Richard might excuse that of the Department. We think that the evidence falls short of justifying the conclusion of the trial court that Mr. Richard was in such a condition and had such an attitude that he would not have observed or obeyed a properly functioning traffic signal. There is no testimony that Mr. Richard was staggering or unable to speak .clearly, or that his appearance was that of an intoxicated person. The testimony of the officer is that he administered the test routinely because he smelled alcohol on Mr. Richard’s breath. We are unable to conclude that Mr. Richard would not have observed and obeyed a properly functioning traffic signal.
 The Department of Highways is charged with the duty of installing and maintaining proper traffic controls on our highways so as to prevent the occurrence of accidents such as this. Their negligence in failing to do so must be considered as a proximate cause of these accidents. Even though there may be some negligence on the part of one or more of the drivers involved, the negligence of the Highway Department is concurrent therewith and renders it liable to those persons who, without fault of their own, are injured as a result thereof. See Bourgeois v. State, Through Dept. of Highways, 255 So.2d 861 (La. App. 4 Cir., 1971). It is our opinion that the action of the Department in permitting a dangerous intersection to remain uncontrolled for a period of two days by failing to take any steps to mark such intersection is a cause in fact contributing to the accident and the Department must be held accountable.
Inasmuch as the Department did not appeal, we can not give it the relief sought in its third party demand against Richard.
Accordingly, for the above reasons, the judgments of the district court in each of these suits insofar as the same was in favor of the Department and against the plaintiffs is reversed and set aside, and judgment is rendered herein in favor of plaintiffs and against the State of Louisiana, Through the Department of Highways, and Antoine Richard, Jr., jointly and in solido, in the amount of Three Thousand and 00/100 ($3,000.00) Dollars, subject to the subrogation rights of the State Farm Mutual Automobile Insurance Company, together with legal interest thereon from date of judicial demand, until paid, and for all such costs as are permitted by law. In all other respects the judgments are affirmed.
Affirmed in part, reversed in part, and rendered.