337 So.2d 687 (1976)
Curley Joseph VALLOT, Jr., Plaintiff-Appellee,
v.
Marie H. TOUCHET et al., Defendants-Appellants.
No. 5498.
Court of Appeal of Louisiana, Third Circuit.
September 23, 1976.
*688 Davidson, Meaux, Onebane & Donohoe by V. Farley Sonnier, Lafayette, for defendants-third-party plaintiffs-appellants.
Domengeaux & Wright by Terry E. Theriot, John A. Jeansonne, Jr., Lafayette, for plaintiff-appellee.
Before HOOD, CULPEPPER, MILLER, WATSON and PETERS, JJ.
WATSON, Judge.
Plaintiff, Curley Joseph Vallot, Jr., filed this suit against defendant, Marie H. Touchet, and her insurer, Travelers Insurance Company, to recover damages for personal injuries and property damage sustained in an intersectional collision between Vallot's truck and Ms. Touchet's automobile. Defendants, Ms. Touchet and Travelers, filed a third party demand against the Lafayette Parish Police Jury and its liability insurer, Maryland Casualty Company, asking that the third party defendants be cast for all or, alternatively, one-half of any award because of the police jury's alleged negligence in failing to maintain a stop sign at the intersection where the accident occurred. The trial court rendered judgment in favor of plaintiff Vallot against Ms. Touchet and Travelers but dismissed the third party demand, holding that the absence of a stop sign was not a cause in fact of the ensuing accident, since the accident would have occurred even if both of the stop signs ordinarily controlling the intersection had been in place.
Defendants have appealed, contending only that the trial court erred in denying their third party demand against the police jury and Maryland Casualty.
The issue presented requires a determination of whether the trial court erred in finding no negligence on the part of the police jury and dismissing the third party demand.
The police jury was negligent if: (1) the absence of the stop sign was a cause in fact of the accident; and (2) the police jury knew or should have known it was down.
The facts of the accident are relatively simple. Larry Foreman, the deputy sheriff who investigated the accident on behalf of the Lafayette Parish Sheriff's Office, was notified of the incident early in the morning of May 8, 1974. Foreman said that the Touchet vehicle was headed north on Bonin Road and the Vallot vehicle was eastbound on LaNeuville Road. The stop sign at the intersection which would have faced northbound traffic on Bonin Road was missing, and, when Ms. Touchet failed to stop or yield the right-of-way, the collision occurred. The weather was clear and the sun was shining. There were no skidmarks; Ms. Touchet's vehicle was damaged on the front left and the Vallot vehicle on the right rear. Since the stop sign and the pole were both missing, Foreman did not issue a traffic citation to Ms. Touchet.
Both Ms. Touchet and Vallot testified but they did not add significantly to the account given by the investigating officer. It is undisputed that Ms. Touchet did not stop or yield the right-of-way at the *689 intersection as the stop sign would have required her to do. LSA-R.S. 32:123(B). The failure by Ms. Touchet to stop and to yield the right-of-way to the oncoming Vallot vehicle was a cause in fact of the accident, and it follows logically that the absence of a stop sign requiring her to do so was also a cause in fact of the accident. Had the stop sign been in place to warn Ms. Touchet, we must assume she would have obeyed it. Ory v. Travelers Insurance Company, 235 So.2d 212 (La.App. 4 Cir. 1970); Funderburk v. Temple, 268 So.2d 689 (La.App. 1 Cir. 1972) writ refused, 270 So.2d 875 (La. 1973). Therefore, the trial court erred in holding that the absence of the stop sign was not an additional cause in fact of the accident.
The other issue relative to liability of the police jury is whether there was actual or constructive knowledge of the absence of the sign.
There is no doubt that the sign was missing. James D. Andrus, a witness who lived in a trailer park two or three miles from the scene, testified that the sign had been down for two or three months.
The assistant chief of police in Youngsville, Willie Vernon, testified that the sign had been down two or two-and-a-half months (we recognize the fact that Vernon was related by marriage to Ms. Touchet but his testimony merely corroborates that of Andrus). Other witnesses employed by the police jury testified merely that they did not have knowledge of the sign being down and that they thought they would have known if it had been down for a considerable length of time.
Our factual conclusion is that the evidence preponderates to the effect that the sign had been missing for two or twoand-a-half months.
When a traffic sign has been missing for two months, the responsible agency is deemed to have constructive knowledge of its absence. If there is no showing of actual knowledge, constructive knowledge will be imputed to the responsible agency when it is shown that the sign has been down for a substantial period of time and the agency should have been aware of its absence. Cf. Vervik v. State, Department of Highways, 302 So.2d 895 (La.1974). There was testimony that the intersection here is located only a half mile from a police jury highway barn, that the employees of the highway unit pass the intersection often, and that there had been considerable difficulty with signs in the area. We conclude that the jury had constructive notice.
Since the absence of the sign was one cause of the accident and the police jury had constructive notice, there is liability on the part of the jury and its insurer. Cangiamilla v. Brindell-Bruno, Inc., 210 So.2d 534 (La.App. 4 Cir. 1968) writ refused, 252 La. 839, 214 So.2d 162 (1968); Funderburk v. Temple, supra.
While the appeal by Ms. Touchet and Travelers is couched in general terms, the record indicates that Ms. Touchet and Travelers have paid plaintiff's judgment and have received a release, reserving only their rights to appeal from the dismissal of the third party demand. It is conceded by these parties that they seek only contribution from the Police Jury and its insurer.
We do not disturb the judgment as between plaintiff, Curley Joseph Vallot, Jr., and defendants, Marie H. Touchet and Travelers Insurance Company, but the defendants are entitled to contribution from the police jury and its insurer.
For the foregoing reasons, the judgment of the trial court dismissing the third party demand is reversed and the judgment is amended to read as follows:
It is further ordered, adjudged and decreed that there be judgment in favor of defendants and third party plaintiffs, Marie H. Touchet and Travelers Insurance Company, and against the third party defendants, Lafayette Parish Police Jury and Maryland Casualty Company, for contribution by Lafayette Parish Police Jury and Maryland Casualty Company to Marie H. Touchet and Travelers Insurance Company in the amount of one-half of all sums awarded to plaintiff, Curley Joseph Vallot, *690 Jr., on the principal demand, together with one-half of all court costs in the trial court.
Costs of this appeal are taxed against the third party defendants, Lafayette Parish Police Jury and Maryland Casualty Company.
REVERSED IN PART, AMENDED, AND AFFIRMED IN PART.
MILLER, J., concurs in the result.
HOOD, J., dissents, being of the opinion that the judgment of the trial court is correct.