378 So.2d 181 (1979)
John R. PETERMAN, Plaintiff and Appellee,
v.
CITY OF HAMMOND, Defendant and Appellant.
No. 12836.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
Rodney C. Cashe, Hammond, for plaintiff and appellee.
*182 J. Mark Rolling, Hammond, for defendant and appellant.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is a suit for damages resulting from an automobile accident. The trial court found for plaintiff and defendant appealed.
We reverse.
The collision occurred in an intersection at which a stop sign had been damaged two days before in another accident.
The city has a duty to maintain devices installed for traffic control so as not to create traps or undue dangers. Lochbaum v. Bowman, 353 So.2d 379 (4th Cir. 1977), writ denied, La., 354 So.2d 1380. However, the city does not have a duty to guard against a motorist entering what appears to be an uncontrolled intersection without determining that it is safe to do so. Pepitone v. State Farm Mutual Auto. Ins. Co., 369 So.2d 267 (4th Cir. 1979), writ denied, La., 371 So.2d 1343.
From the stipulated narrative of facts, the best conclusion for plaintiff is that the intersection appeared to Miss Peterman to be an uncontrolled one. The damaged sign cannot be said to have constituted a trap which deluded plaintiff into thinking she had an unqualified right of way. Therefore, she had the duty to keep a proper lookout as she entered the intersection of two streets of apparent equal dignity.
We find that Miss Peterman did not keep a sufficient lookout for other cars.
Therefore, the judgment of the trial court is reversed at appellee's costs.
REVERSED.