393 So.2d 324 (1980)
Ralph MORGAN
v.
ALLSTATE INSURANCE COMPANY et al.
No. 13780.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
*325 Paul H. Due and John deGravelles, Baton Rouge, Joseph H. Simpson, Amite, for plaintiffs.
Duncan S. Kemp, III, and Gail K. Sheffield, Asst. Dist. Atty., Amite, for Tangipahoa Parish Police Jury.
Jesse P. Lagarde, Amite, for Wayne Norwood and American Employers Ins. Co.
Iddo Pittman, Jr., Hammond, for State Farm Ins. Co.
Ronald L. Ronzello, Metairie, James B. Doyle, Baton Rouge, for Carter Mobile Homes.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
Appellant Ralph Morgan appeals a judgment on the pleadings rendered in favor of the Tangipahoa Parish Police Jury and a summary judgment rendered in favor of Carter Mobile Homes. The issues on appeal are whether or not the pleadings establish appellant had a right to recover from the Police Jury and whether or not there is any genuine issue of material fact as to Carter's liability.
This case arose from an intersectional collision that occurred when appellant was traveling west on Black Cat Road and defendant Wayne Norwood was traveling south on Huck Road. The stop sign normally in position for southbound traffic on Huck Road had been knocked down. Norwood entered the intersection and was turning left on to Black Cat Road when the collision occurred. Appellant named the following parties defendants: Wayne Norwood and his insurer, State Farm Mutual *326 Automobile Insurance Company; American Employers Insurance Company, the insurer of the owner of the car driven by Norwood; the Tangipahoa Parish Police Jury; and Carter Mobile Homes and its insurer, Fidelity and Casualty Company of New York. Various third party demands were also filed by the several defendants.

JUDGMENT ON THE PLEADINGS
The Police Jury moved for a judgment on the pleadings, as provided by La.Code of Civ.P. art. 965.[1] Without assigning reasons the trial judge granted the motion and rendered judgment dismissing the suit as to the Police Jury. We assume that trial court was persuaded by the Police Jury's arguments set forth in two memoranda. The Police Jury argues that under the current jurisprudence the responsible public entity does not have the duty to guard against a motorist entering what appears to be an uncontrolled intersection. The motorist must approach the intersection with due care and proceed across only after he ascertains that it is safe to do so. Pepitone v. State Farm Mut. Auto. Ins. Co., 369 So.2d 267 (La.App. 4th Cir. 1979), writ refused 1979; Peterman v. City of Hammond, 378 So.2d 181 (La.App. 1st Cir. 1979). The Police Jury further argues the public entity will be responsible only when the failure to maintain the traffic signal creates a "trap" for the motorists. Lochbaum v. Bowman, 353 So.2d 379 (La.App. 4th Cir. 1977), writ refused 1978. They allege plaintiff's petition did not state the intersection was a hazardous one and therefore the pleadings do not establish a right to relief.
We are not impressed by appellee's argument concerning the lack of allegations in the petition. Paragraph 9 of plaintiff's petition reads in part as follows:
"... plaintiffs allege ... that defendant, Tangipahoa Parish Police Jury ... had the legal ownership custody, possession and garde of the roadway in question and of the stop sign governing southbound traffic on Huck Road as it approached its intersection with Black Cat Road, and inasmuch as the stop sign was not in its proper erected place, the roadway and the intersection constituted a dangerous defective condition, thereby rendering defendant, Tangipahoa Parish Police Jury, strictly liable for injuries and damages...." (Emphasis added.)
Paragraph 10 alleges the Police Jury was negligent for failure to replace the stop sign or to give adequate warning to motorists. We find the petition clearly alleges the lack of the stop sign created a dangerous situation.
Regardless of the sufficiency of the pleadings in respect to the hazardous nature of the intersection, we feel the jurisprudence does not support the Police Jury's argument that plaintiff is not entitled to relief under the law. We find the cases relied on by the Police Jury to be readily distinguishable from the instant case. Peterman, supra, and Pepitone, supra, each involve plaintiffs who were traveling on the road with the missing stop sign. The plaintiffs attempted to sue the public entity to recover for damages received in the intersectional collision. In each case the court said the public entity was not responsible to plaintiff for plaintiff's own failure to use due care upon entering the intersection. Both courts reasoned a person approaching what appears to be an uncontrolled intersection must proceed with care in order to safely cross the intersection. The lack of a stop sign does not give them the right to proceed as if they have the right of way. In other words, both courts found the proximate cause of plaintiffs' injuries to be plaintiffs' negligence rather than the negligence of the public entity.
*327 The facts of Lochman are also easily distinguishable. Lochman was cited in Pepitone and Peterman for the proposition that the public entity has the duty to control signs only so as not to create a trap or an undue danger to the motorist. This holding must be interpreted in light of the particular facts of the Lochman case. The plaintiff was traveling on the superior highway and the defendant was on the inferior road. Defendant approached the intersection and observed the semaphore traffic signal was not working properly in that the light was stuck on red. He stopped at the light and was proceeding to enter the intersection when the collision occurred. The trial court found the State Department of Highways solidarily liable. The Fourth Circuit reversed, reasoning that the Highway Department's negligence was not a proximate cause of the injury. The court stated:
"The more difficult inquiry is whether the risk created (that a motorist, knowing the signal was inoperative, would enter the intersection without first ascertaining that it was safe to do so) was within the scope of protection intended by the imposition of the duty to maintain traffic signals properly."
The court found the malfunction of the traffic light did not cause the defendant to enter the intersection with his utter failure to ascertain whether or not it was safe to do so. He knew the light was not working properly so he could not claim to have been "trapped" by its malfunction.
In the instant case, the public entity cannot claim the defendant knew that the stop sign was down. There was nothing to indicate he was required to stop at this intersection. Unlike the facts in Lochman, it can be assumed that the lack of the stop sign is precisely what caused the defendant to enter the intersection without the appropriate amount of due care.
In spite of any arguments as to the applicability of Lochman, this court can be guided by a decision from this circuit. Funderburk v. Temple, 268 So.2d 689 (La.App. 1st Cir. 1972), writ refused 1973. The facts of Funderburk are very similar to the instant case. The plaintiff was driving on the superior road, the defendant was on the inferior road. The stop sign on the inferior road had been bent so that it was not noticeable to drivers on that road. In the lawsuit concerning the intersectional collision, the defendant third-partied the parish for failure to maintain the stop sign. This court affirmed the trial court's judgment holding the parish solidarily liable, based upon the presumption that if the stop sign had been in its proper position the defendant would have heeded it. The type of accident that occurred was the exact type of accident the sign was designed to prevent.
The same result was reached in Vallot v. Touchet, 337 So.2d 687 (La.App. 3d Cir. 1976). The defendant, who had been traveling on the road with the missing stop sign, third partied the Police Jury. The court found the Police Jury liable in that it must be assumed that if the sign had been in place, the driver would have stopped. See also Wall v. American Emp. Ins. Co., 377 So.2d 369 (La.App. 2d Cir. 1979), writ denied on issue of Police Jury's liability, 378 So.2d 1383 (La.1980), writ granted and case heard on other issues 386 So.2d 79 (La.1980).
In conclusion, an examination of the applicable cases reveal two basic situations that arise frequently in the missing stop sign cases. On the one hand there is the situation where the plaintiff is traveling on the road normally controlled by the stop sign. The plaintiff is involved in an intersectional collision and sues the public entity for his damages. The courts have refused to allow recovery in this situation, reasoning that plaintiff's breach of his duty in failing to approach the intersection with due care is the sole proximate cause of the accident. Although the public entity's negligence may well be a cause in fact the courts obviously feel it inequitable to allow a negligent plaintiff to recover in this situation. Pepitone, supra; Peterman, supra.
On the other hand, there are situations where the plaintiff is traveling on the superior road and rightfully has the right of way. The defendant is traveling on the *328 inferior road with the missing stop sign and proceeds through the intersection without stopping. As to the innocent plaintiff, courts have been willing to find solidary liability on the part of the negligent driver and the negligent public entity. Funderburk, supra; Willis v. Everett, 359 So.2d 1080 (La.App. 3d Cir. 1978). The courts reason that if the stop sign had been in its proper place the driver would have heeded it. The exception to this rule seems to be the Lochman situation where the defendant driver is aware of a malfunctioning signal and, is, therefore, on notice that he must take extreme care in crossing the intersection, yet fails to do so.
A judgment on the pleadings is to be rendered on the basis of the pleadings alone and should be granted when there is no legal right for the adverse party to recover. The legal right of the mover must be clearly established. Succession of Mack, 366 So.2d 1063 (La.App. 1st Cir. 1978). In light of the foregoing discussion on the jurisprudence, it cannot be said the mover (Police Jury) has clearly established a right to a judgment on the pleadings. The case is remanded for trial on the merits.

SUMMARY JUDGMENT
Carter Mobile Homes successfully moved for summary judgment. La.Code of Civ.P. art. 966 provides that a summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show there is no genuine issue of material fact and if the mover is entitled to judgment as a matter of law. Art. 967 elaborates as to what is required to defeat a motion for summary judgment. The article reads in part as follows:
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
In the present case, other than the usual allegations and denials in the petition and answer, the only evidence offered at the hearing on the motion was a set of interrogatories propounded by Carter and answered by the Police Jury. The pertinent questions and answers are set forth below:
Q. "(1) When did the Police Jury, or any of its agents or employees, first discover that the stop sign was missing at this intersection?"
A. "(1) Several days, not more than a week prior to the accident."
Q. "(3) After the discovery of the missing stop sign, what steps, if any, were taken to correct this?"
A. "(3) The sign was replaced the day following receipt of information as to its being down."
According to the information provided in the answers the sign allegedly knocked down by Carter was replaced several days before the accident. The interrogatories were filed into the record on October 18, 1979 and the answers on November 5, 1979. The minute entry indicates that at the hearing on January 18, 1980 the court granted counsel for Carter one week to mail copies of his interrogatories to all other attorneys. The court granted the other attorneys two weeks to respond and stated the court would render a decision in three weeks. The record does not reflect whether or not Carter's attorney provided the others with this information, although the attorney has attached to his brief a letter indicating the documents were mailed. Regardless of whether or not the other attorneys received copies of the interrogatories, we find nothing in the Code of Civil Procedure that would require Carter to supply copies of these items to anyone other than the party to whom the interrogatories are propounded.
Appellant argues it would be inequitable to affirm the judgment because he did not receive a copy of the interrogatories and the answers. This complaint is unfounded. Appellant was well aware of the existence of the interrogatories and the answers *329 because the matter was argued at the hearing on January 18th. Further, the documents were part of the record so any party could have obtained a copy.
In his brief appellant contends there is a genuine issue of material fact concerning the replacement of the stop sign because various persons were deposed (after the summary judgment was rendered) and have testified the sign was never replaced.[2] These depositions cannot be considered in judging the propriety of the summary judgment because they were obtained after the judgment was signed. The summary judgment must be examined as of the time it was rendered and at that time the court had before it answers to interrogatories which showed the damage allegedly done by Carter had been repaired prior to the accident. This uncontroverted fact clearly established Carter is entitled to be dismissed in that the damaging of the sign was Carter's only alleged involvement in the suit. Since counsel for appellant was well aware of the existence of the answers and interrogatories he should have filed any opposing depositions during the two week extension granted by the court. Certainly this court would be crippling the procedural device of summary judgment if we allowed evidence obtained after rendition of the judgment to be submitted to show the existence of an issue of material fact.
For the foregoing reasons the judgment on the pleadings rendered in favor of the Police Jury is reversed and remanded; the summary judgment rendered in favor of Carter Mobile Homes is affirmed. Appellant and the Police Jury are to share the costs of these proceedings.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
NOTES
[1] Art. 965. Motion for judgment on pleadings

"Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true."
[2] These depositions were admitted as proffers at the hearing on the motion for the new trial. The trial judge correctly refused to allow them as evidence because they were not taken until after the rendition of the summary judgment. The motion for a new trial was denied.