SAVOIE, Judge.
Plaintiff, Louie C. Slaton, Jr., filed this tort action seeking damages for personal injuries which he incurred in an automobile collision at the intersection of Eighth and Maryland Streets in Port Allen, Louisiana.
In his original petition, plaintiff alleged that the City of Port Allen (hereinafter referred to as the City) was negligent in failing to maintain any traffic control signal or device at the intersection. He named the City’s liability insurer, Sentry Insurance A Mutual Company, (erroneously sued as “Sentry Insurance Company” and hereinafter referred to as Sentry), as the sole defendant. Sentry answered the suit, denying generally the allegations of plaintiff’s petition and specially pleading contributory negligence as an affirmative defense. Subsequently, Sentry filed a motion for summary judgment, contending that, even if the allegations of the petition were true, plaintiff would not be entitled to judgment against it.
After the filing of the motion for summary judgment, plaintiff amended his petition to allege, additionally, that the City was negligent in having an improperly installed and maintained stop sign at the intersection, which led petitioner to believe that he had the right of way. The trial court granted the motion for summary judgment insofar as it related to plaintiff’s claim based upon the allegations of the lack of a traffic control device at the intersection, but maintained plaintiff’s claim based upon the grounds of negligence asserted in his amending petition. The trial court signed a “partial summary judgment” in accordance with its ruling. Plaintiff then timely perfected the current appeal.
*400 Sentry maintains that, conceding all the facts alleged in plaintiff’s original petition to be true, it is entitled to judgment as a matter of law.
It is well established that a party moving for summary judgment has the strict burden of establishing the truth, and showing that any genuine issue of material fact is excluded thereby. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981). Moreover, even if the opposing party does not show that a genuine issue of material fact does exist, the party moving for summary judgment still must bring forth sufficient evidence to show that he is entitled to judgment as a matter of law. La.Code of Civ.Proc. art. 966; Blount v. Exxon Corporation, 395 So.2d 355 (La.App. 1st Cir. 1981). Any doubt as to the existence of a genuine issue of material fact will be resolved against the moving party; and summary judgment will only be granted if reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law on the facts before the court. Thornhill v. Black, Sivalls v. Bryson, Inc., 394 So.2d 1189 (La.1981).
In the instant case, Sentry contends that there is no genuine issue of material fact and that the law is clear that a municipality, or other governmental body, may not be held liable for the absence of a traffic control sign or signal at an intersection. As was correctly noted by defendants in brief, this court recently summarized the law in that regard in Morgan v. Allstate Insurance Company, 393 So.2d 324 (La.App. 1st Cir. 1980). In Morgan, Judge Cole, writing for the court, penned the following language at 393 So.2d 327-328:
In conclusion, an examination of the applicable cases reveal (sic) two basic situations that arise frequently in the missing stop sign cases. On the one hand there is the situation where the plaintiff is traveling on the road normally controlled by the stop sign. The plaintiff is involved in an intersectional collision and sues the public entity for his damages. The courts have refused to allow recovery in this situation, reasoning that plaintiff’s breach of his duty in failing to approach the intersection with due care is the sole proximate cause of the accident. Although the public entity’s negligence may well be a cause in fact the courts obviously feel it inequitable to allow a negligent plaintiff to recover in this situation.
On the other hand there are situations where the plaintiff is traveling on the superior road and rightfully has the right of way. The defendant is traveling on the inferior road with the missing stop sign and proceeds through the intersection without stopping. As to the innocent plaintiff, courts have been willing to find solidary liability on the part of the negligent driver and the negligent public entity. The courts reason that if the stop sign had been in its proper place, the driver would have heeded it. (Citations omitted)
Sentry contends that, based upon the allegations contained in plaintiff’s petition, it is entitled to summary judgment. It filed no affidavits in support of its motion. The only other evidence which might have been considered by the trial court in ruling on the motion was the depositions of the plaintiff and Ms. Linda Gaines. However, nowhere in the petition or the depositions is it established whether or not plaintiff was driving on the favored street. Obviously, under the holding in Morgan, supra, if plaintiff had been driving on the favored street at the time of the accident, then he would have a cause of action against the City, due to the absence of a traffic control device at the intersection. Hence, Sentry failed to meet its burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. See Blount v. Exxon Corporation, supra.
Judgment of the District Court is reversed and the matter is remanded for trial on the merits.
Appellee is to pay the costs of this appeal. All other costs shall await final disposition of the suit.
REVERSED.