YELVERTON, Judge.
This is an appeal from the dismissal of plaintiffs suit for personal injuries resulting from a collision at an unmarked intersection just outside the city limits of Eunice, Louisiana.
The accident happened on November 24, 1979, late in the afternoon about two and a half blocks from plaintiff’s house as he was driving home from work. Plaintiff, alone in his car, was traveling east and a three ton truck driven by Lawrence Poullard and owned by his employer, South Louisiana Contractors, Inc., (SOLOCO) was traveling north. Neither vehicle stopped at the intersection and the truck hit plaintiff’s car on the right front and side.
The intersecting streets were maintained by the Parish of St. Landry.
Plaintiff sued the driver of the truck, Poullard, his employer, SOLOCO, and the Parish of St. Landry.
The trial court found that plaintiff was familiar with the intersection, knew that it was an unmarked intersection, and that his entry into it under the circumstances was negligent. The trial court found the driver of the SOLOCO truck also negligent, but that plaintiff’s negligence barred his recovery from any defendant.
A trial court’s conclusions of fact and evaluation of credibility of witnesses must be given great weight and should not be disturbed unless clearly wrong.
Plaintiff was familiar with the intersection. For the previous three or four weeks he had crossed it twice daily going to and from work. The driver of the SOLOCO truck was also familiar with the intersection. The area was residential. This was a local neighborhood intersection. There were no signs or traffic lights. There were some trees and hedges near the intersection which prevented a driver going east and one going north from seeing each other until they were very near the crossing. Plaintiff testified that he looked to his right before he reached the trees and hedges and saw nothing approaching. He then looked to his left and did not look to his right again until he was in the intersection.
All of the roads were blacktopped except a portion of the north-south road which was gravel north of the intersection. The gravel road goes north to a state highway. Plaintiff testified he thought his was the favored street since all of it was blacktopped. This difference in road surface did not dignify the all-blacktop road as having the right of way. Nor did it justify plaintiff in disregarding the known fact that the intersection was unmarked.
Plaintiff admitted that he knew that a driver is required to yield to traffic on the right when approaching an unmarked intersection.
A motorist who approaches an uncontrolled intersection with a street of equal dignity has the duty to determine that he can cross safely before proceeding into the intersection. Pepitone v. State *715 Farm Mutual Automobile Ins. Co., 369 So.2d 267 (La.App. 4th Cir.1979); Zemo v. Louviere, 349 So.2d 420 (La.App. 4th Cir.1977); Peterman v. City of Hammond, 378 So.2d 181 (La.App. 1st Cir.1979). The trial court found that plaintiff breached his duty of reasonable care since he crossed the intersection before determining that it was safe to do so. We observe also that plaintiff breached the duty established by La. R.S. 32:121 A which states: “When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
We conclude under these circumstances that the trial court correctly found that plaintiff was negligent.
Plaintiff contends that, notwithstanding his own (or the other driver’s) intervening or later negligence, St. Landry Parish had a duty to mark the intersection and that the failure to do so was a cause in fact of the accident and a breach of the police jury’s duty to protect him against the very risk encountered. We disagree.
What prevents finding a causal relationship and a duty owed by the police jury is that both drivers were thoroughly familiar with the intersection and knew that it was unmarked. Neither could reasonably believe he had an unqualified right of way. Under such circumstances it has been held that the alleged breach of a duty to post traffic signs was not the cause in fact of the intersectional collision between two cars. Carmouche v. State Department of Highways, 360 So.2d 1374 (La.App. 3rd Cir.1978); Pepitone v. State Farm Mutual Automobile Insurance Co., supra; Peterman v. City of Hammond, supra.
Also, even if we assume that the police jury had a duty to post signs at this particular intersection and that the failure to do so rendered the intersection defective, the duty does not protect a motorist against a defect of which he has knowledge and a reasonable opportunity to avoid. Sinitiere v. LaVergne, 391 So.2d 821 (La.1980). We conclude that the parish was under no duty to protect this plaintiff from the risk which gave rise to his injuries, because he had knowledge of the risk and a reasonable opportunity to avoid it.
Plaintiff’s final complaint of error is that the trial court should have found he preempted the intersection and can therefore recover from the SOLOCO parties. The evidence reflects that he did not preempt the intersection. Entry into an intersection at the same time or just a fraction ahead of the other vehicle does not constitute a preemption of the crossing. Abshire v. Southern Farm Bureau Casualty Ins., 346 So.2d 1354 (La.App. 3rd Cir.1977).
For the reasons assigned, the judgment dismissing plaintiff’s suit is affirmed at plaintiff’s costs.
AFFIRMED.