CHEHARDY, Judge.
The curator for the interdict in this matter appeals from the district court’s judgment fixing the fees to be paid to the notary and appraisers appointed by the court to inventory the interdict’s property. Appellant contends the fees are excessive. We uphold the fees set by the trial court, for the reasons which follow.
The total value of the inventory was $167,405.07. Pursuant to the local court rule, the trial judge fixed the notary’s fee at $3,348.10, or 2% of the total value, and the appraisers’ fees at $837.02 apiece, or ½ of 1% each. The appellant charges these amounts are unreasonable, because the testimony at the hearing on the motion to fix the fees showed that the notary and the two appraisers simply reviewed and signed the inventory presented to them by appellant’s attorney. Further, appellant alleges the appraisers were unqualified because neither had formal training as an appraiser, although each had served as a court-appointed appraiser numerous times before.
LSA-R.S. 9:1423 provides:
*130 “The fees allowed to experts, notary publics and appraisers appointed to assist in taking inventories of successions, tu-torships, interdictions, and other proceedings requiring the taking of inventories, shall be fixed by the court appointing such experts, notary publics and appraisers,. and shall be taxed as costs in those proceedings in which the taking of an inventory is required.”
Rule XIII, Section 8, Civil Rules of the Twenty-fourth Judicial District Court states:
“In any case in which an inventory is requested, the notary filing said inventory shall be paid 2% of the total value of the inventory; the appraisers shall each be paid ½ of 1% of the total value of the inventory.”
Rules of court not in conflict with express law have the force of law upon both the judge and the litigants. Trahan v. Petroleum Casualty Company, 250 La. 949,200 So.2d 6 (La.1967), and cases cited therein; Perry v. Law, 311 So.2d 288 (La.App. 1st Cir.1974). See also LSA-C.C.P. art. 193; LSA-R.S. 13:472.
The only express law regarding notaries’ and appraisers’ fees for inventories is R.S. 9:1423, quoted above. That statute is silent as to the qualifications of the notaries and appraisers to be appointed, the extent of their duties, and the amount of the fees to be set by the court. Accordingly, the local rule applied here is not in conflict with it, and the fees set are correct.
We distinguish this case from Tutorship of Perret, 434 So.2d 95, on the docket of this court, handed down on December 9, 1982. In the Perret ease, no mention was made of the fees being set pursuant to a duly-enacted local rule of court. Here, the trial judge expressly stated he was following the local court rule.
Further, we do not find the fees here to be excessive.
Appellant avers in his brief that the fees were fixed in a manner which denied the curator and interdict their constitutional rights. Appellant makes no showing in support of this contention, however, and we find no basis for it in the record.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.