399 So.2d 1294 (1981)
Agnes Dufour, Wife of/and Maurice E. ROQUES
v.
Salvador A. ALFONSO.
No. 11976.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
*1295 Vondenstein & Power, Michael J. Power, Kenner, for plaintiff-appellee.
Grisbaum & Kleppner, Ferdinand J. Kleppner, Metairie, for defendant-appellant.
Before GULOTTA, GARRISON and CHEHARDY, JJ.
GULOTTA, Judge.
In this dispute between the plaintiffs, sellers-contractor, and the defendant-purchaser, the trial judge ordered Salvador A. Alfonso to remit to plaintiffs the sum of $6,000.00 withheld from payment on the purchase price, together with legal interest from date of judicial demand until paid, and costs. The trial judge further ordered plaintiffs to repair "the broken brick around the water pipe at 3709 Barbara Place; the carpeting in the den at the same address; the counter-top-oven unit at the same address; and, to repair the chipped edges of the patio slab."
On May 18, 1978, defendant purchased the improved immovable property from plaintiffs for the sum of $95,000.00. Alfonso moved into these premises prior to completion of construction approximately forty days before the act of sale was passed. Because of defendant's complaints regarding defects in the construction, plaintiffs agreed to allow Alfonso to retain the sum of $6,000.00 pending repair of the defects. Plaintiffs claim the repairs have been completed and they are entitled to the amount withheld, but defendant claims the defects still exist.
Maurice Roques testified that prior to the passing of the act of sale defendant had complained about a defective patch in the *1296 carpet and problems with the front porch, a lighting fixture and a sink. Thereafter defendant gave an expanded list of complaints to Roques. According to plaintiffs, when the complaints were corrected and demand for the $6,000.00 was made upon defendant, a third and more expanded list of complaints was given to them. According to Roques, everything complained of by defendant had been corrected and other demands regarding yard fill, an attic separator, and landscaping were not included in the purchase price.
Defendant, on the other hand, introduced into evidence a list of twenty-seven complaints of defects. His testimony generally explained that those defects continued to exist as of the time that the matter was heard on March 6, 1980. Supporting defendant were the testimony and report from a building inspector for Dixie Savings and Loan Association that generally corroborate defendant's claim. According to this witness' report, the cost of the repairs and corrections would amount to $4,610.00. Defendant's specific complaints were a $100.00 expense to complete the fence; property not landscaped as agreed; rear yard not filled; bricks broken near the water pipe; a slab foundation never finished or dressed; cracks in sidewalk and driveway; unfinished entrances to front and rear doors; patio slab chipped and cracked; "meters on front not aligned"; carpet not properly installed at downstairs doors; carpet patched in den; one coat of interior paint used instead of two; sheetrock not properly finished; installation of ovens not proper, cut too large; counter "dropped" by oven; bar not properly installed; warping of upstairs floor; carpet seams not properly joined; leaking air conditioning; rotting of floor below air conditioning unit resulting from leaking; division of attic between two apartments never completed; "dormer" not installed; chipped wash basin in master bath never replaced; scraped and torn wall paper; plaster in carpet; linoleum in baths not installed properly; and warped, cracking shelves in the closet.
The trial judge simply accepted the testimony of Maurice Roques and Frank Incardona, his partner, and rejected defendant's testimony and that of his expert witness. He concluded that four defects continued to exist at the time the matter was heard. Accordingly, he ordered plaintiff to make the repairs of those defects. Under the circumstances, we cannot say the trial judge erred in accepting plaintiffs' testimony and rejecting defendant and his expert's.
We find merit, however, to defendant's argument that the trial judge erred in awarding interest from date of judicial demand rather than from date of judgment. LSA-C.C. Art. 1938 provides that all debts shall bear the specified rate of legal interest "from the time they become due, unless otherwise stipulated." An unliquidated claim is due from the time it becomes ascertainable. Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978); Hicks v. Rucker Pharmacal Co., Inc., 367 So.2d 399 (La.App. 2nd Cir. 1978), writ denied, 369 So.2d 1360 and 1361 (La.1979). In our case, a dispute existed as to whether the contractor was entitled to the $6,000.00 retainage or whether the purchaser properly withheld the amount pending repair of defects. Under these circumstances, it is clear that contractor's right to receive the retainage depended on the trial court's determination whether defects existed. Since certain defects were found and ordered repaired, interest should run from the time of judgment.
Finally, we find no error in the judgment ordering defendant to pay all costs. LSA-C.C.P. Art. 1920 provides:
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
Assessment of costs lies within the trial court's discretion and is not subject to reversal unless there exists an abuse of that discretion. Green v. Orleans Parish School Bd., 365 So.2d 834 (La.App. 4th Cir. 1978), *1297 writ denied, 367 So.2d 393 (La.1979); Succession of Batton v. Prince, 384 So.2d 506 (La.App. 2nd Cir. 1980). We find no such abuse in our case.

DECREE
Accordingly, the judgment in favor of Agnes Dufour, wife of/and Maurice E. Roques and against Salvador A. Alfonso, in the sum of $6,000.00 is amended to provide interest from date of judgment instead of from date of judicial demand. As amended, the judgment is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.