GAUDIN, Judge.
Appellant is Richard L. Hill, complaining about the fees set for the notary public and two appraisers who took an inventory of community property at the direction of the 24th Judicial District Court.
*1070 The inventory was requested by Mrs. Sharon Hill, the plaintiff , in the separation proceeding.
The notary and two appraisers conducted the inventory in the presence of Mr. Hill and his attorney, and the attorney representing Mrs. Hill. The lengthy inventory listed over 100 movables at the matrimonial domicile on Rhone Drive and various movables in storage at the Rheem Manufacturing Company, including a boat and trailer in a storage shed in company’s workyard. The inventory also listed the matrimonial domicile itself and a profit sharing plan with a vested community interest. The inventory had a total value of $197,115.92.
Following the filing of the inventory, Mr. Hill objected to the homologation because the appraisal figures were, in his estimation, “... unreasonable and not based upon a fair market value...” Further, Mr. Hill objected to the fees set for the notary and appraisers.
The notary and appraisers then moved to have their respective fees paid. Following a hearing, the trial judge set the notary’s fee at $2,500.00 and the fees of the appraisers $750.00 each, said fees to be paid one-half by Mr. Hill and one-half by Mrs. Hill. Originally, the notary had asked for $3,942.32 and the appraisers for $985.58 each.
Considering the facts and circumstances of this case, we conclude that the fees determined by the trial judge were within his discretion and fully in accord with LSA-R.S. 9:1423, which reads:
“The fees allowed to experts, notary pub-lics, appraisers appointed to assist in taking inventories of successions tutorships, interdictions, and other proceedings requiring the taking of inventories, shall be fixed by the court appointing such experts, notary publics and appraisers, and shall be taxed as costs in which the taking of an inventory is required.”
AFFIRMED.