DUFRESNE, Judge.
Appellant, the tutrix of two minors, brings this appeal from a judgment awarding a court appointed notary and two appraisers, appellees, a fee equal to 3% of the value of an inventory taken on the minors’ behalf in a tutorship proceeding.
The father of the two children was killed in an industrial accident. Their mother, Betty Perret, petitioned for confirmation as natural tutrix and prayed that the court order an inventory of the childrens’ estate. The court thereupon appointed David Al-fortish as notary, to be assisted by Louis Duffourc and Norman Simoneaux, appraisers, to conduct the inventory.
The children’s estate consisted of $18,125 in movable and immovable property and an interest in a pending lawsuit brought on account of their father’s death estimated to be worth $1,000,000. An original inventory in the amount of $1,018,125 was thus filed.
The law suit as it pertained to the children was subsequently compromised for $127,000. An amended inventory was duly submitted by the notary in the amount of $145,125.
A bill for $4,353.75, or 3%[1] of the total inventory was then sent to the tutrix, but she refused to pay it. The notary thereupon moved the court to order payment of the fee.
After a hearing on the merits, the judge concluded that considering the circumstanc *96 es of the case, a fee of 2% of the inventory for the notary and 1% to be shared equally by the appraisers was appropriate. Relying on LSA-R.S. 9:1423,[2] he fixed the total fee at $4,353.75, plus interest from date of judicial demand.
In accordance with R.S. 9:1423, the fees allowed to court appointed notaries and appraisers in tutorship proceedings are to be fixed by the court appointing such persons. After careful scrutiny of the record and evaluation of the job performed by the notary and appraisers in this case, we find the fees fixed by the district court are high. The notary and appraisers in the preparation of an inventory in a tutorship proceeding have a definite responsibility and obligation. Each proceeding must stand on its own merit according to the work performed. In reviewing the record herein, we find that the fees should be reduced to $2,000 for the Notary and $500 for each appraiser for a total fee of $3,000, this includes payment for the additional time and expense incurred by the Notary in appearing in court to substantiate his fee.
We further agree with appellant that judicial interest should run only from date of judgment, and not from date of judicial demand. LSA-C.C. art. 1938 provides that all debts shall bear the specified rate of legal interest “from the time they become due, unless otherwise stipulated.” Here the debt could not have become due until an ascertainable fee was fixed by the court. Therefore, until the fee was fixed, interest could not run. Cf. Roques v. Alfonso, 399 So.2d 1294 (La.App. 4th Cir.1981); Succession of Butler, 294 So.2d 512 (La.1974); City Stores Co. v. Gervais F. Favrot Co., Inc., 359 So.2d 1031 (La.App. 4th Cir.1978).
For the foregoing reasons, the judgment of the trial court is amended to set the fee of the notary, David H. Alfortish at $2,000 and the fee of the appraisers, Norman Si-moneaux and Louis Duffourc at $500 each, with legal interest from date of judgment[3] until paid.
All costs of these proceedings are to be paid by the appellant, Betty Perret.
AMENDED, AND AS AMENDED AFFIRMED.

. An expert witness appeared and testified this was the guideline used in Jefferson Parish for the setting of fees on inventories.

. LSA-R.S. 9:1423
“The fees allowed to experts, notary publics and appraisers appointed to assist in taking inventories of successions, tutorships, interdic-tions, and other proceedings requiring the taking of inventories, shall be fixed by the court appointing such experts, notary publics and appraisers, and shall be taxed as costs in those proceedings in which the taking of an inventory is required.”

. May 28, 1981.