BOUTALL, Judge.
This case involves a dispute over fees awarded to the notary and appraisers for an inventory of a minor’s property, inherited from her father. The parents had divorced, and at the time of his death the father was living out of state. The child, Shawn Christena Vinall, was the beneficiary of five life insurance policies. The proceeds amounting to $160,115.66 constituted the entirety of the minor child’s Louisiana property.
When Sharon M. Hennessey, the child’s mother, applied to be confirmed as natural tutrix, the court appointed a notary and two appraisers to make an inventory. Mrs. Hennessey subsequently refused to pay the notary’s bill of $3,200 and $800 for each of the two appraisers, and she filed a rule to set the fees. Finding the fees high, the judge cut them to $1,601.15 for the notary and $402.78 for each appraiser. The mother resisted these charges also. When the ap *349 praisers refused to sign the inventory until they were paid, preventing the letters of tutorship from being issued, the mother’s attorney applied for writs to this court.
On November 10, 1982, the Court of Appeal directed the district judge to order the appraisers to sign the proces verbal of the inventory and to order the funds due under the policies deposited directly into the court registry. The judge was then to retain a sufficient portion of the money to cover all contingencies and order the remainder invested for the minor’s account. He was further ordered to hold an evidentiary hearing regarding the proper assessment of fees.
Following the hearing, the court set the fees again at $1,601.15 for the notary and $402.78 for each appraiser. In his reasons for judgment the judge explained that the rules of court of the 24th Judicial District called for 2% for the notary and 1% to be shared by the appraisers,[1] but that under the jurisprudence the judge has discretion in setting fees. Feeling that those percentages were too high in this proceeding, he cut the percentages in half to resolve the matter equitably. From that judgment the natural tutrix has taken this appeal.
The issues raised by the appellant are, in essence, whether the fees for the inventory were reasonable in light of the property involved and on what basis such fees should be assessed.
The applicable statutes regarding tutorship proceedings are La.C.C.P. articles 4101, 4102, and 3131 through 3134. An inventory and an appraisal are required by article 4101, and the appointment of a notary and two appraisers is specifically required by article 3132. LSA R.S. 9:1423, as revised in 1970, provides that the court shall set the fees for experts, notaries, and appraisers appointed to take inventories. As noted above, the Twenty-Fourth Judicial District Court rules provide for fees based on a percentage of the inventory.
The appellant urges that the court should have applied the criteria provided for the fixing of expert witness fees in R.S. 13:3666 and for attorneys’ fees in Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982) because no criteria are provided by R.S. 9:1423. He argues that the two statutes are “interwoven” and that the criteria in R.S. 13:3666 and those applied in Leenerts Farms, Inc., supra, are similar. We need not consider this argument, because the Supreme Court has recently set out specific guidelines for setting reasonable fees for the notary and appraisers in connection with an inventory.
The Court, in Hill v. Hill, 434 So.2d 1078 (La.1983), treated the problem in a consolidated case consisting of a separation (“Hill”) and a tutorship (“Perret”).[2] Both cases arose in the Twenty-Fourth Judicial District. The Court analyzes fee-setting in inventories as follows, at 1082:
“Under our statutory scheme, when the court orders an inventory, it appoints a notary who, in turn, appoints two competent appraisers to assist him. See La.C. C.P. arts. 3131-2. The statutes do not require that the parties in the proceeding approve the court appointments nor does the law envision a contract for fees between the notary and the parties. The same body which appoints the notary and appraisers, the trial court, is given the authority to set fees and order the parties to the litigation to pay such fees as costs. Under these circumstances, the court is constrained to fix fees which are reasonable. To determine reasonable fees for the notary and appraisers, the court should consider many factors such as (1) the time and labor of the notary and appraisers, (2) the value of the inventory, *350 (3) the number of property items to be inventoried, (4) the fee customarily charged in the locality for similar services, and (5) the experience, reputation and ability of the notary and appraisers.”
In “Hill ” (the separation), the notary and appraisers billed the client under the percentages specified in local rule XIII, 8. The trial court cut the original fee without reference to the rules of court, which figure the Court of Appeal affirmed as falling within the trial judge’s discretion. The Supreme Court also affirmed, finding the fees to be reasonable and not an abuse of the judge’s discretion, considering the items involved in the inventory — -a residence with more than one hundred movables, other movables stored off the premises, and a profit-sharing plan.
In “Perret ” (the tutorship), the trial court held that a fee of 2% for the notary and 1% for the two appraisers was appropriate under the circumstances of the ■ case. The Court of Appeal found that the work performed did not merit the fee set by the trial court and reduced it to a flat figure without reference to the court rule or a percentage. The Supreme Court applied the criteria quoted above and found that the fees as reduced by the Court of Appeal were still unreasonable. While the value of the inventory was $145,125, the minors’ interest in a court settlement represented $127,000 of that amount. The balance consisted of four items: a half interest in a house and lot, a half interest in the furnishings, and a half interest in a car and a truck. The notary and appraisers drove only once to the house and viewed the exterior. The tutrix’s attorney supplied suggested values for the movables. . The Supreme Court further reduced the fees, without reference to the local rule, to $1,000 for the notary and $250 for each appraiser.
Although the issue of reasonableness or not of the court rule was raised in “Hill ”,[3] the Court said, at 1081:
... We need not address the reasonableness of the court rule. The trial judge obviously did not follow the rule in setting the fees of the notary and appraisers because the fees were fixed at an amount which was less than the 2% and 1% fees mandated by the court rule.... ”
At the evidentiary hearing of this case on December 9, 1982 the notary-attorney testified that he obtained the payout figures on the five insurance policies by telephone and that the appraisers were not present. His office time sheet indicates that from the time he received the file on May 26, 1982 until June 23, 1982, when he completed the preparation of the procés-verbal, he had spent 7½ hours. From June 28, 1982 through November 17, 1982, the notary spent 11¾ hours “trying to close the matter.” An appraiser, Rose Martin, testified that other than signing the inventory and having one or two conversations with the notary, neither she nor the other appraiser did any work on the inventory.
Although the trial judge considered the minimal amount of time and labor expended by the notary and appraisers, he stated that he did not favor a fee based on quantum meruit alone:[4]
“... This could lead to the rather inconsistent position of having a very small estate, with a long detailed inventory of items of little value, allowing an award of a greater fee to the notary and the appraisers than that which would be awarded for a substantial estate without too many details or items to be inventoried.”
We believe that the notary’s fee of $1,601.15 falls within the range of discretion afforded to the trial judge by LSA R.S. 9:1423 and meets the criteria of Hill v. Hill, supra. As to the appraiser’s fee, we find that for the minimal time and labor involved $402.78 is an excessive fee and we reduce to $100.00 for each appraiser.
*351 Accordingly, the judgment appealed from is affirmed as to the notary fee of $1,601.15 and is amended to set the fee of the appraisers at $100.00 each.
AMENDED AND AFFIRMED.

. 24th J.D.C., Rule XIII, Appointment of Curators; Suggestions Prohibited, Section 8, reads: “In any case in which an inventory is requested, the notary filing said inventory shall be paid 2% of the total value of the inventory; the appraisers shall each be paid ½ of 1% of the total value of the inventory.”

. For Court of Appeal opinions see Hill v. Hill, 433 So.2d 1069 (La.App. 5th Cir.1983), and Tutorship of Perret, 434 So.2d 95 (La.App. 5th Cir.1982).

. Although the court did not consider the rule standing alone, it appears from the evidence that the rule is representative of the fee customarily charged for such services and thus would constitute one of the five factors that may be considered.

. The trial court opinion was rendered prior to Hill v. Hill, supra.