MARCUS, Justice.
■ The question presented by this case is whether a trial court, in fulfilling its duty *726 set forth in La.R.S. 9:1423[1] to fix the fees allowed to notary publics and appraisers appointed to assist taking inventories, can rely solely on a local court rule that sets the fees as a fixed percentage of the inventory.
The trial court in the interdiction of Janice LeBlanc appointed Henry B. Hoppe, Jr. as notary and Alvin Talley, Jr. and Pat Bond as appraisers to take inventory of the interdict’s property in the parish. The notary and appraisers completed and executed the inventory and billed the interdict’s curator $5,022.15 for the services. They fixed the notary’s fee as two percent and the appraisers’ fees as one half of one percent each of the total value of the inventoried property ($167,405.07). The curator considered the fees excessive and refused to pay.
The notary and appraisers filed a rule against the curator to show cause why their fees should not be fixed by the court at the “prevailing local set fees” of two percent of the total value of the inventory for the notary and one half of one percent for each appraiser and be taxed as costs in the interdiction proceedings. After a hearing, the trial judge, feeling bound by the court’s own rule,[2] rendered judgment in favor of the notary and appraisers and against the curator in the sum of $3,348.10 for the notary and $1,674.05 for the appraisers in accordance with said rule and taxed the fees as costs. The curator appealed. The court of appeal, finding that the local court rule had the force of law since it did not conflict with express law and that the fees were not excessive, affirmed the judgment of the trial court.[3] Upon the curator’s application to this court, we granted certiorari to review the correctness of that decision.[4]
The curator contends that a fixed percentage of inventory is not a proper method of determining reasonable fees under La. R.S. 9:1423. He also argues that the fees in this case were excessive in view of the amount of work done.
This court has recently considered whether certain notary and appraiser fees under La.R.S. 9:1423 were excessive. Hill v. Hill, 434 So.2d 1078 (La.1978) consolidated with Tutorship of Perret, 435 So.2d 442 (La.1983). Both cases arose out of the Twenty-Fourth Judicial District Court, but the judge in neither case relied solely on Rule 13, § 8;[5] thus, the validity of that rule was not at issue. We held that, under La.R.S. 9:1423, “the court is constrained to fix fees which are reasonable. To determine reasonable fees for the notary and appraisers, the court should consider many factors such as (1) the time and labor of the notary and appraisers, (2) the value of the inventory, (3) the number of property items to be inventoried, (4) the fee customarily charged in the locality for similar services, and (5) the experience, reputation and ability of the notary and appraisers.”
Rule 13, § 8 conflicts with La.R.S. 9:1423 because the rule denies the trial court the opportunity to consider these factors to determine a reasonable fee. The rule, by setting the fees at a fixed percentage of inventory in all cases, requires the court to consider only the size of the inventory, without weighing the other factors or evaluating the reasonableness of the fees.
*727-729 Although the value of the inventory is one of the relevant criteria for determining a reasonable fee, it should not be the only consideration. Hence, Rule 13, § 8, insofar as it conflicts with the duty imposed by La.R.S. 9:1423 to fix a reasonable fee, is • invalid.
Applying the above-listed factors to the present case, we find that the fees set by the trial court and affirmed by the court of appeal were unreasonable. The record reveals that Mr. Hoppe, the notary, did not actually conduct the inventory or prepare the inventory document. The curator’s attorney prepared the inventory document and presented it to the notary. Mr. Hoppe merely reviewed the document with the appraisers, had the appraisers and witnesses sign it in his presence, and signed it himself. Mr. Hoppe is an attorney and therefore has special training that qualifies him as a notary. Neither Mr. Talley nor Ms. Bond has special training as an appraiser, but both have served as court-appointed appraisers numerous times before this trial. Mr. Talley and Ms. Bond testified that they fulfilled their duties in this case by reading the inventory document to review it and by signing it. They did no independent verification of any of the values assigned to the property. Neither the notary nor the appraisers could recall how much time was spent performing these services. The inventory contained seven items: three savings accounts, an interest in two family corporations (four shares of stock in each), and undivided interests in the successions of the interdict’s parents.
Given these circumstances, it is clear that fees of $3,348.10 to the notary and $1,674.05 to the appraisers in this ease were excessive for the minimal amount of work done. The inventory contained only seven items, the values of which were not determined or confirmed by the notary or appraisers. The notary and appraisers merely reviewed the inventory document supplied them by the curator’s attorney and signed and notarized it. Accordingly, we consider that a fee of $400 for the notary and $100 for each appraiser is reasonable compensation for the services rendered.
DECREE
For the reasons assigned, the judgment of the court of appeal is amended to reduce the fee awarded to the notary to $400 and to reduce the fee awarded to each appraiser to $100, and, as amended, the judgment is affirmed. All costs of this appeal are assessed to the notary and appraisers.

. La.R.S. 9:1423 provides:
The fees allowed to experts, notary publics and appraisers appointed to assist in taking inventories of successions, tutorships, inter-dictions, and other proceedings requiring the taking of inventories, shall be fixed by the court appointing such experts, notary publics and appraisers, and shall be taxed as costs in those proceedings in which the taking of an inventory is required.

. Rule 13, § 8, Civil Rules of the Twenty-Fourth Judicial District Court, provides:
In any case in which an inventory is requested, the notary filing said inventory shall be paid 2% of the total value of the inventory; the appraisers shall each be paid ⅛ of 1% of the total value of the inventory.

. 434 So.2d 129 (La.App. 5th Cir.1983).

. 435 So.2d 453 (La.1983).

. The trial judge in Tutorship of Perret did grant fees in the amount set by the rule, but he found that such fees were reasonable for the amount of work done. Those fees were lowered by the court of appeal and further reduced by this court.