KLIEBERT, Judge.
This is a suspensive appeal by Dr. William Kohlmann Gauthier, defendant on rule, and Mrs. Betty Jane Haydel Gauthier, co-defendant on rule, from a judgment of the district court awarding to the court-appointed notary public, Richard T. Boutall, a fee of $30,281.41, and to James DeSonier and Rosalyn Doyle, appraisers, a fee of $15,140.71 each for the taking of an inventory and appraisal of the assets of the community of acquets and gains formerly existing between them. We affirm.
In connection with a pending petition to partition the community of acquets and gains formerly existing between the defendants in the rule, Mr. Cabral, the then attorney for Dr. Gauthier, motioned the court for an appointment of a notary and appraisers to take an inventory and make an appraisement of all the property belonging to the community. Pursuant to this request, on April 1, 1981, the Honorable Rudy Eason appointed Richard T. Boutall as notary and Rosalyn Doyle and James DeSonier as appraisers to take an inventory and make an appraisement of the property. On August 18, 1981 an inventory was filed valuing the community at $6,056,-283.60. Among the items contained in the inventory was the stock of a closely held corporation which had a valid certification of need and operated a hospital in Jefferson Parish, two registered patents in the name of Dr. Gauthier, various deposits at banks, automobiles, jewelry, household and office furniture, life insurance policy, art objects, a motor vessel, a boat, a boat house on leased land and several parcels of real property located in the Parish of Jefferson.
On February 9, 1983 a rule to fix the fees of the notary and appraisers was filed by the notary and appraisers. The notary requested the fees for his services be fixed at 2% of the value of the inventory or $121,125.67 and the appraisers requested their fee be fixed at ½% of the inventory value or $30,281.48, all pursuant to Rule 13 § 8 of the Twenty-fourth Judicial District Court which provides:
In any case in which an inventory is requested, the notary filing said inventory shall be paid 2% of the total value of the inventory; the appraisers shall each *1160 be paid ½ of 1% of the total value of the inventory.
Several procedural exceptions were filed by the defendants and denied shortly following the filing of the rule.
At the hearing which commenced on December 13, 1983 and consummated on February 24, 1984, the notary and one of the appraisers testified as witnesses. Both said that at the time of their appointment they believed the fees would be fixed in accordance with Rule 13 § 8 of the Twenty-fourth Judicial District Court Rules; consequently, they made no effort to log the time they were spending in preparing the inventory and appraisement.
Mr. Boutall also testified that following his appointment he received a letter from Mr. Filié, the attorney then representing Mrs. Gauthier and at the time of the hearing representing both Dr. Gauthier and Mrs. Gauthier, and now representing only Dr. Gauthier, requesting that he defer commencing the taking of the inventory because Dr. Gauthier had suffered a severe stroke and he wanted to wait until Mrs. Gauthier made some decision as to exactly what she wished to do. According to Mr. Boutall, based on the Filié letter, he did defer taking the inventory. Thereafter, although Mr. Filié, representing Mrs. Gauthier, continued urging him to defer taking the inventory, Mr. Cabral, then representing Dr. Gauthier, wanted to proceed with the partition and was urging him to move forward. Faced with the problems he decided to discuss it with the trial judge who had appointed him to take the inventory. As a result, by letter dated February 3, 1982, the trial judge informed him there had been an inordinate delay in the taking of the inventory and any continued delay might subject the notary to criticism for failing to proceed as directed by the court order. In view of this, Dr. Gauthier’s mental condition, Mrs. Gauthier’s refusal to let the notary and appraisers in her home, Mr. Boutall testified that he elected to file an inventory with the then available informa-. tion and supplement it with subsequently acquired and developed information. Notwithstanding the filing of the inventory he and the appraisers continued their work in order to prepare a supplement. Due to the turn of events, the supplement was never filed.
Subsequent to the filing of the rule involved here, the supreme court ruled on the apparent conflict between R.S. 9:1423 and Rule 13, § 8 of the Twenty-fourth Judicial District Court Rules. See Hill v. Hill, 434 So.2d 1078 (La.1983), and In Re LeBlanc, 441 So.2d 725 (La.1983). In LeBlanc, supra, Justice Marcus, as the organ of the court said:
“This court has recently considered whether certain notary and appraiser fees under La.R.S. 9:1423 were excessive. Hill v. Hill, 434 So.2d 1078 (La.1983) consolidated with Tutorship of Perret, 435 So.2d 442 (La.1983). Both cases arose out of the Twenty-Fourth Judicial District Court, but the judge in neither case relied solely on Rule 13, § 8;5 thus, the validity of that rule was not at issue. We held that, under La. R.S. 9:1423, ‘the court is constrained to fix fees which are reasonable. To determine reasonable fees for the notary and appraisers, the court should consider many factors such as (1) the time and labor of the notary and appraisers, (2) the value of the inventory, (3) the number of property items to be inventoried, (4) the fee customarily charged in the locality for similar services, and (5) the experience, reputation and ability of the notary and appraisers.’
Rule 13, § 8 conflicts with La.R.S. 9:1423 because the rule denies the trial court the opportunity to consider these factors to determine a reasonable fee. The rule, by setting the fees at a fixed percentage of inventory in all cases, requires the court to consider only the size of the inventory, without weighing the other factors or evaluating the reasonableness of the fees. Although the value of the inventory is one of the relevant criteria for determining a reasonable fee, it should not be the only consideration. Hence, Rule 13, § 8, insofar as it con *1161 flicts with the duty imposed by La.R.S. 9:1423 to fix a reasonable fee, is invalid.”
According to Boutall, upon learning of the ruling in the Hill and subsequent cases, he and DeSonier made an effort to reconstruct and document as best as they could the time expended in working on the inventory and appraisement. Thus, using telephone messages, appointment calendars and their notes and files, they sought to establish the specific dates upon which work was performed and the length of time expended. According to their testimony, in compiling the list they were extremely conservative in estimating their time. They each testified to specific incidents in which they recalled performing work which is not reflected on the list or having taken a longer period of time to perform the work which is reflected on the list. The list was introduced into evidence and marked as Exhibit M-l.
The defendants introduced expert witness testimony and documentary evidence to the effect that the community home and the hospital were overvalued and that the valuation on the household furnishings, art objects and jewelry were set without the notary and/or appraisers seeing the items. The notary and appraisers agreed that they valued these movable assets sight unseen, but attributed this to Mrs. Gauthier’s refusal to let them enter the house and their decision to file an inventory and then follow it up with a supplemental inventory and appraisement.
Following the hearing, the trial judge gave the following reasons for judgment:
“At hearing of the matter, the testimony revealed the complexity and time-consuming nature of this inventory.
Mr. Boutall testified that about 400 hours of the appointees time was invested, however this inventory occured [sic] prior to the Supreme Court decision in Hill v. Hill 433 So.2d 1069 (1193), In RE LeBlanc [434] So.2d [725] (1983) and Tutorship of Vinall [441] So.2d [348] 1983). Therefore accurate time records were not kept. He testified that because of his experience in taking of inventories in Jefferson Parish he expected the customary fee as set by the Rules of Court of the 24th Judicail District Court in the amount of 2% of the gross inventory would be paid. Mr. Boutall further testified that he attempted to reconstruct the hours expended in this matter through various correspondence, phone messages and their claendars [sic] (Exibit M-l) and that these records, although deficient, reflected 246¼ hours.
Mr. Boutall recited his extensive experience as a notary on numerous inventories and his ten years of experienxce [sic] as an attorney and explained why some items are so complex.
Rosalyn Doyle testified that she is an attorney and has experience in the real estate market, experience in the insurance industry and has kept abreast of the stock market. She testified that this was her first appointment as an appraiser and that she also understood that the fee was set by local rule and that accurate time records were not kept and that the exhibit only shows time that could be documented, and that actual time spent was greater.
James DeSonier testified that he is an attorney, admitted to practice in 1979; that he is a property attorney for the Parish of Jefferson involved in expropriations anjj has numerous dealings with appraisers. He stated that he has been a notary and/or appraiser on ten occasions in Jefferson and Orleans. He also testified that only the hours that could be documented were listed in the exhibit and that a great deal more time than that was expended.
In setting fees, the Court is guided by the Hill supra, in RE LeBlanc supra, and Tutorship of Vinall supra, decisions and must take into account,
1) The time and labor of the notary and appraisers,
2) The value of the inventory,
3) The number of property items to be inventoried,
4) The fee customarily charged in the locality for similar services,
*1162 5) The experience, reputation and ability of the notary and appraisers.
The Court finds that approximately 400 hours were expended in this matter. Although the appointees could only document 246¼ hours, they should not be penalized for the inadequate records, because this occured [sic] prior to the Hill, In RE LeBlanc, and Tutorship of Vinall decisions. The Court finds 400 hours a reasonable expenditure of time considering the complexity of of the property inventories.
Taking into consideration that the inventory is in excess of six million dollars; that the inventory was of an extremely complex nature; that the customary fee charged would be 2% to the notary and xk of 1% to each appraiser, i.e. $121,125.67 to notary, and $30,281.48 to each appraiser; and the experience of the notary and each appraiser, all of whom were attorneys and experience in the taking of inventories.
That the Court, after reviewing the record and testimony induced therein finds that the criteria as set forth in Hill supra, in RE LeBlanc supra and Tutorship of Vinall supra has been adequately met and that in this instance the notary public and appraisers have fulfilled their obligations under the criteria and that the fees charged are reasonable and that this Court in exercising its discretion as provied in law is comfortable in accessing [sic] the fees ...”
On appeal Dr. Gauthier, now represented solely by Mr. Pilié, urges two assignments of error; (1) the trial court granted excessive and unreasonable compensation to both the notary and appraisers for the services rendered, and (2) the trial court completely disregarded the supreme court decision in In RE LeBlanc, supra and Hill v. Hill, supra.
As may be noted from the trial judge’s reasons for judgment, he was aware of and specifically stated he fixed the fees in accordance with the criteria enumerated in the LeBlanc and Hill cases.
Arguments by Dr. Gauthier’s counsel, that the fees set by the trial judge were unreasonable and excessive, are directed primarily to the amount of documented hours expended by the notary and appraisers reflected on Exhibit M-l and his contention the notary did no more than copy the descriptive list previously filed by Dr. Gauthier’s then attorney.
In substance, the arguments contain the same inherent legal fallacy as was present when the Twenty-fourth Judicial District Court, pursuant to the rule, set the notary and appraisers’ fees solely as a percentage of the value of the inventory. Doing so prevented it from setting a reasonable fee as required by LSA-R.S. 9:1423. The defendants argue as though the fee is to be set by first determining the amount of time expended and then multiplying the number of hours by an hourly rate. Although this is the methodology for setting a reasonable fee for, say, an expert witness, according to the Hill and LeBlanc cases, it is not the methodology for determining a reasonable fee for those taking an inventory and making an appraisement. Where an expert witness is involved, the value of the services rendered has no imput in determining his fee. On the other hand, the criteria to be used in setting the fees for the inventory and appraisement, such as, the value of the inventory and the experience of the notary, are in part applied to give imput as to the value of the services rendered in fixing the fee.
Were this a case of first impression, it may well be that we would not have drawn the same conclusion as did the trial judge as to the given number of hours expended in performing the work or given the same weight as did the trial judge to other criteria, such as, the value of the services and/or the traditional charges for such services. However, under the standard of review we are obliged to follow, our function is not to determine whether a factual conclusion, different from that drawn by the trial judge, can be supported by the record. Rather, our function is to determine whether there is sufficient evidence in the record to support the factual conclusions drawn *1163 by the trial judge and whether he has committed legal error in applying the law to the conclusion so drawn. See Canter v. Koehring, 283 So.2d 716 (La.1973).
Here, after carefully reviewing the record and considering the fact that at the time of their employment and at the time the services were performed, the movers in rule were under the impression their fees would be set pursuant to Rule 13, § 8 of the Twenty-fourth Judicial District Court Rules, we cannot say the record does not support such a finding or that the trial judge abused his much discretion in fixing the fees in the amount set here.
The present counsel for Mrs. Gauthier argues that the trial judge erred in denying her exception of no right of action which was predicated in the contention Mrs. Gau-thier did not join in the request for the appointment of a notary and agreed with the descriptive list filed by Dr. Gauthier’s attorney. Consequently, under the ruling in Simon v. Simon, 421 So.2d 931 (4th Cir.1982), writ denied 423 So.2d 1181 (La.1982), she should not have to bear any portion of the inventory cost.
The situation here is different from the Simon case in that the attorney in Simon made no effort to file a descriptive list. Contrary to the statute, he merely had himself appointed as the notary and proceeded to take the inventory. Here, the attorney for Dr. Gauthier actually filed a descriptive list. As we view the record, we do not agree, as contended by Mrs. Gauthier, that all parties agreed the taking of an inventory was not necessary or that the inventory taken served no purpose. We note, however, that counsel for Dr. Gauthier agreed with Mrs. Gauthier’s contention the cost of the inventory should be borne solely by him. However, the issue before us is not who bears the ultimate cost of the inventory but rather who owes it. As to that issue, we cannot say the trial judge erred in imposing the cost on both parties. Dr. Gauthier has the prerogative to pay the total fee owed if he chooses.
Accordingly, we affirm the trial court’s judgment. Each party to bear his own costs.
AFFIRMED.