GULOTTA, Judge.
In this suit for settlement of community property, defendant-husband appeals from a judgment awarding $4,037.65 to a notary public and $1,000.00 each to two appraisers as their fees for taking the inventory and appraising the community assets. Defendant contends the fees are excessive and should not have been fixed on an ex parte motion without affording him a hearing to present evidence concerning the reasonableness of the fees. We agree. Accordingly, we reverse and remand the matter for a hearing.
On the wife’s petition for settlement of the community, the trial judge appointed a notary public and two appraisers to make an inventory and evaluation of the community property. After taking the inventory, the notary and appraisers filed a proces verbal evaluating the assets, and subsequently filed an ex parte motion to fix their fees. On April 13, 1982, the trial judge fixed the notary’s fee at $4,037.65 and appraisers’ fees at $1,000.00 each.
The husband filed a motion to set aside the ex parte order, alleging the fees were excessive and had been improperly fixed without affording an opportunity to hear evidence on the reasonableness of those fees.
On June 14, 1984, after a May 9 hearing at which no evidence was taken or testimony transcribed, a new trial judge, different from the judge who had previously fixed the fees, decreed that the ex parte order was “in full force and effect”. In written reasons, the trial judge pointed out that the challenge to the inventory and fees had no merit because the husband had not contested the proces verbal that had been filed earlier. By an amended judgment of April 12, 1985, the trial judge rendered a monetary judgment in favor of the notary and appraisers for the fees as fixed.
Appealing, the husband contends he should be afforded an opportunity to a contradictory hearing. In this regard, he points out that he is not interested in traversing the inventory but claims he is entitled to offer evidence on whether the fees are excessive or reasonable considering the time, effort and expertise of the notary and appraisers. Defendant further argues that the money judgment for the fees based upon the ex parte order is invalid. We agree.
LSA-R.S. 9:1423 provides:
“The fees allowed to experts, notary pub-lics and appraisers appointed to assist in taking inventories of successions, tutor-ships, interdictions, and other proceedings requiring the taking of inventories, shall be fixed by the court appointing such experts, notary publics and appraisers, and shall be taxed as costs in those *1187 proceedings in which the taking of an inventory is required”.
The Louisiana Supreme Court has noted that the statute is silent both as to the method by which the fees are to be determined and as to the amount of the fees to be set. Hill v. Hill, 434 So.2d 1078 (La.1983). Although according much discretion to the trial court in fixing the fees, the Supreme Court has further recognized, however, that the trial court is constrained to fix fees that are reasonable, and should consider many factors in making its determination including: 1) the time and labor of the notary and appraisers, 2) the value of the inventory, 3) the number of property items to be invertoried 4) the fee customarily charged in the locality for similar services, and 5) the experience, reputation, and ability of the notary and appraisers. Hill v. Hill, supra; In Re LeBlanc, 441 So.2d 725 (La.1983).
LSA-C.C.P. Art. 963 provides that if an order applied for by written motion is one to which the mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party, but that if the order applied for is one to which the mover is not clearly entitled or one which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party. Considering the Supreme Court’s holdings in Hill and LeBlanc, together with LSA-C.C.P. Art. 963 and LSA-R.S. 9:1423, we are led to conclude that the trial judge erred in denying the husband’s motion for a contradictory hearing to determine the value of the services rendered in the taking of the inventory.
In so holding, we do not conclude that by failing to traverse the inventory the husband has waived his right to seek a contradictory hearing on the fees. The proces verbal setting forth the inventory and value of the community property did not indicate the amounts of the fees to be paid to the notary and appraiser. Furthermore, the value of the property is not the only factor to be considered by a trial judge in that assessment of the value of the fees. See In Re LeBlanc, supra. The husband’s failure to traverse the inventory does not preclude him from attacking the reasonableness of the fees based upon all the relevant factors, including the time expended by the notary and appraisers, the quality of their services, and their experience.
Accordingly, the June 14,1984 judgment, as amended by the April 12, 1985 judgment, is reversed and set aside. The matter is remanded to the trial court for a contradictory hearing on the amounts of the fees to be awarded. In so holding, we do not pass on the reasonableness, inadequacy, or excessiveness of the fee amounts as previously fixed in this case.
REVERSED AND REMANDED.