# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 23-565


**BILLY RAY FOLEY**

**VERSUS**

**BRENDA G. FOLEY**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 85,547 A
HONORABLE TONY ALAN BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Ledricka J. Thierry, Judges.


**REMANDED.**

**Charles Sam Jones**
**Charles Sam Jones Law, LLC**
**P.O. Box 995**
**DeRidder, LA 70634-0995**
**(337) 463-5532**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Brenda G. Foley**

**Fritz H. Dugas**
**Friley and Dugas, LLC**
**4127 W. E. Heck Court**
**Baton Rouge, LA 70816**
**(225) 295-0085**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Billy Ray Foley**

**GREMILLION, Judge.**

Billy Ray Foley appeals seeking clarification of a family court judgment ordering the payment of a realtor's listing fee relating to the sale of former community property. For the following reasons, we remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Billy Ray and Brenda were married in 1976; Billy Ray filed a petition for divorce in October 2011, and a judgment of divorce was granted in November 2011. In February 2020, Brenda filed a petition for partition of community property. Numerous motions, detailed descriptive lists, traversals, and motions for contempt were filed.

Following an October 2021 partition hearing, the trial court appointed Shana Welch to perform a comparable market analysis and evaluate the property for current market value. The trial court stated:

> Before the property is listed for sale, uh, Ms. Welch is going to provide a copy of that to each of the attorneys in this matter. And it's my understanding that Mr. Foley has a desire, if possible to purchase that property. So before this goes on sale, uh, or listed to the public market, Mr. Foley will have an option to buy that. If Mr. Foley decides that he does not want to—to buy it at that price, it will be placed for sale and listed with this realtor. Is that understood by both parties?

On August 11 and 12, 2022, Billy Ray's attorney viewed the documents from Welch (per her DocuSign records), but Billy Ray refused to sign the listing agreement.

In December 2022, Bily Ray filed a motion to set an expedited status conference regarding the purchase of the home and noted the following issues: the fee owed to the realtor, Shana Welch, and what proceeds go to the registry of the court. These issues were presented as:

a. What fee is owed to Shana Welch. We contend that we owe her a broker's opinion fee for conducting the comparable market analysis for the property and providing us with an evaluation. Welch contends that we owe a listing fee. However, per the Judgment that was drafted by Sam Jones and agreed to in Court, the property, is to only be listed with Shana Welch in the event that we declined to purchase the property at the evaluated price. We have not declined to purchase the property at the evaluated price but have done the opposite and ACCEPTED to purchase the property at the evaluated price.

b. The two counsels agreed to place the proceeds of the sale of the property into the registry of the Court and then litigate any claims that we may have on the proceeds. What proceeds go to the registry of the Court is now being disputed.

Following a January 31, 2023 phone status conference, a Judgment was entered into the record that stated in its entirety:

After a phone conference on January 31, 2023, between the attorneys;

**IT IS ORDERED** that Shana Welch with Sarver Real Estate, Inc. shall get a listing fee on the full listing price of the property.

IT IS FURTHER ORDERED that all parties be notified, individually or through their counsel of record of this order.

LEESVILLE, LOUISIANA, this 31ˢᵗ day of January, 2023.

Billy Ray filed a Rule 9.5 Certificate and attached two drafts of Orders following the October 13, 2021 partition hearing, however, the order was never signed by Brenda. The amended, unsigned order stated in part (amended parts stricken; additions underlined):

IT IS ORDERED that SHANA WELCH, a licensed realtor with ERA SARVER REAL ESTATE, is hereby appointed to ~~list~~ fix the community immovable for sale;

IT IS ORDERED that the parties shall sign any necessary documents which will allow the immovable property be evaluated based on local comps by the appointed licensed realtor and listed for sale in the event that Plaintiff, **BILLY RAY FOLEY**, declines to purchase said property;

IT IS ORDERD that the appointed licensed realtor shall provide counsel with copies of the evaluation before the property is listed for sale;

IT IS ORDERED that Plaintiff, **BILLY RAY FOLEY**, shall have the option to purchase the property based on the evaluated price <u>before it is listed for sale</u>. In the event Plaintiff, **BILLY RAY FOLEY**, ~~does not wish~~ <u>declines to</u> purchase the property at the evaluated price, the property shall be placed for sale by the appointed realtor.

IT IS ORDERED that the sale proceeds be deposited into the Registry of the Court until the community assets have been resolved whether by agreement and/or judgment of this court[.]

Billy Ray filed a motion for appeal and designation of record in March 2023. In April 2023, a signed version of the above order was filed into the record with the date of the signature being April 19, 2021; however, it appears the 2021 date was erroneous, as a notice of singing of judgment issued by the Clerk of Court on May 1, 2023, stated that the judgment was signed on April 19, 2023.

Billy Ray assigns as error:

1. A recommendation that enforces an obligation, even though the uncertain event did not occur, is legal error. Under the Louisiana Civil Code, "[a] conditional obligation is one dependent on an uncertain event." La.C.C. art. 1767. "If the obligation may not be enforced until the uncertain event occurs, the condition is suspensive.["] The obligation to pay a listing fee did not occur due to the uncertain event, i.e., Mr. Foley declining to purchase the property at the Realtor's evaluated fee [listing price], not occurring. In other words, the only way for Mr. Foley to be obligated to pay the listing fee was for him to decline the evaluated price, an uncertain event that did not occur. In fact, Mr. Foley accepted the price and was in the process of securing funding to pay for the property.

On September 7, 2023, we issued an order to Billy Ray to show cause why his appeal should not be dismissed as having been taken from a non-appealable interlocutory order. Billy Ray filed a brief in response, and we recalled the rule to show cause.

3

Brenda Foley, Billy Ray's former wife, filed a one-page brief arguing that Billy Ray has never agreed to purchase the property at the evaluated price, and instead, has only agreed to purchase the property for one-half (1/2) of the evaluated price, placing only one-half (1/2) of the evaluated price in the Registry of the Court after deducting the payment of the community mortgage from said funds. Brenda concluded that the property should now be listed for sale, and the realtor should receive her fees due to Billy Ray's failure to purchase the home within the previous two years.

In October 2023, Brenda filed a motion to supplement the record, which was referred to the merits. The supplementary evidence consisted of email communication between the parties' attorneys in which Billy Ray's attorney sets forth the figures resulting in $58,300.00 owed to Brenda at closing for their former community property with a value of "around $386,000.00."

The realtor sent a lengthy undated letter to the trial court detailing the difficulties she has had in dealing with Billy Ray and his attorney and that she had spent over a year trying to orchestrate the sale of the property to Billy Ray, including obtaining a lender for him to work with, clearing up a lien that hindered Billy Ray's ability to get financing, and obtaining an attorney to research and clear the title. The letter stated that there was "commission owed," and her company's policy was 6%. Attached to the letter was an invoice in the amount of $1,250.00 for the broker's price opinion. The realtor concluded that she was "placing the ball in your court to make the final decision" regarding the commission owed to her.

## DISCUSSION

Billy Ray argues that he agreed to purchase the former community property thereby omitting the payment of any realtor's listing fee pursuant to the trial court's January 31, 2023 judgment, which he claims sets forth that if the suspensive condition was not met (the property listed for sale), no realtor fee was due, only a fee for generating local comps.

In brief he states:

> Because Billy Ray Foley agreed to purchase the property at the Realtor's listing fee, [the realtor] was not authorized to list the property for sale. If [the realtor] did not list the property for sale, [the realtor] cannot get a listing fee. [The realtor] was to only get the listing fee in the event that Billy Ray Foley declined to purchase the property at [the realtor's] evaluated local comps price. Billy Ray Foley agreed to purchase it at [the realtor's] price. In order for the [realtor] to be allowed to list property for sale, and in [due] course, obtain a listing fee, was for Billy Ray Foley to decline to purchase it at [the realtor's] listing fee [price].

## ANALYSIS

The mandatory procedure to be used in a community property partition is found in La.R.S. 9:2801(A)(emphasis added) and applies in this case as follows:

> A. When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse, as an incident of the action that would result in a termination of the matrimonial regime or upon termination of the matrimonial regime or thereafter, may institute a proceeding, which shall be conducted in accordance with the following rules:
>
> . . . .
>
> (4) The court shall then partition the community in accordance with the following rules:
>
> . . . .

5

(e) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset *or may order the private sale of the asset on such terms and conditions as the court deems proper, including the minimum price, the terms of sale, the execution of realtor listing agreements, and the period of time during which the asset shall be offered for private sale.*

"The trial court is vested with great discretion in effecting a fair partition of community property." *Arterburn v. Arterburn*, 15-22, p. 4 (La.App. 3 Cir. 10/7/15), 176 So.3d 1163, 1167. Nevertheless, the trial court's determination of fees must be reasonable. *Gauthier v. Gauthier*, 486 So.2d 725 (La.1986).

In *Hill v. Hill*, 434 So.2d 1078, 1082 (La.1983), the factors to be considered in setting a reasonable fee were set forth: "(1) the time and labor of the notary and appraisers, (2) the value of the inventory, (3) the number of property items to be inventoried, (4) the fee customarily charged in the locality for similar services, and (5) the experience, reputation and ability of the notary and appraisers."

A review of the record indicates that the trial court has not awarded a fee to the realtor but only ordered that her full commission is due if the property is listed. However, this does not negate the fact that the realtor may be owed a fee in addition to the $1,250.00 for conducting a comparable market analysis for the years of work involved in attempting to complete Billy Ray's buy-out of Brenda. Thus, there are two possible outcomes on remand.

If Billy Ray exercises his option to buy the property, the trial court shall conduct a full evidentiary hearing to determine what fee, if any, the realtor is owed for the work she has done since 2021 and will do to effectuate Billy Ray's buy-out of the former community property. Assuming the trial court does not abuse its vast discretion, the fee awarded will survive the scrutiny of appellate review.

6

On the other hand, if Billy Ray is unable or unwilling to timely exercise that option, the subject property shall be listed for sale to the public at the realtor's normal commissioned rate in the listing contract.

Accordingly, we remand this matter for a hearing to determine what fee, if any, is owed to the realtor for work already performed in effectuating Billy Ray's attempted buy-out of the former community property and to set a definite time within which he may exercise that option.

## CONCLUSION

The trial court is instructed to hold a full hearing on the issue of fees owed to the realtor, Shana Welch, for work performed in advance of listing the former community property of Billy Ray Foley and Brenda G. Foley for sale to the public if Billy Ray timely exercises his option to buy, according to the timeline set forth by the trial court.

**REMANDED.**